**INDIANA DEMOCRATIC PARTY and Marion County Democratic Central Committee, Plaintiffs,**

v.

**Todd ROKITA, J. Bradley King and Kristi Robertson, in their official capacities, Defendants.**

**William Crawford, et al., Plaintiffs,**

v.

**Marion County Election Board, Defendant.**

**No. 1:05CV0634SEBVSS.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 30, 2005.

Barry A. Macey, Macey, Swanson and Allman, Geoffrey S. Lohman, William R. Groth, Fillenwarth, Dennerline, Groth & Towe, Kenneth J. Falk, Indiana Civil Lib-

erties Union, Indianapolis, IN, for Plaintiffs.

Douglas J. Webber, Thomas M. Fisher, Indiana State Attorney General, Indianapolis, IN, James Bopp, Jr., Bopp, Coleson & Bostrom, Terre Haute, IN, for Defendants.

James B. Osborn, Office of Corporation Counsel, Indianapolis, IN, for Defendant.

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

BARKER, Judge.

This matter comes before the Court on Defendants' Motion to Dismiss Todd Rokita ("Rokita")in his official capacity as Indiana Secretary of State, J. Bradley King ("King") and Kristi Robertson ("Robertson"), in their official capacities as co-directors of the Indiana Election Division, from Plaintiffs' constitutionally-based lawsuit seeking declaratory judgment and injunctive relief challenging the photo identification requirements for voters to qualify to vote, as contained in Senate Enrolled Act 483 ("SEA 483"). Plaintiffs brought suit against these three individuals under 42 U.S.C. § 1983. The Court has fully read and considered all the parties' submissions on this issue.

Defendants argue that we lack subject matter jurisdiction over Rokita, King, and Robertson because the constitutional injuries asserted by Plaintiffs are not fairly traceable to these defendants. Our initial analysis suggests that Defendants' motion is well-taken in that it does, in fact, appear that Rokita, King and Robertson, acting in their official capacities, have no direct role in enforcing the photo identification mandates of SEA 483. However, that Rokita, as Indiana Secretary of State, is the state's chief election official for all purposes (except for the coordination of State responsibilities under the National Voter Registration Act (NVRA.) (I.C. § 3–6–3.7–1)), is broadly charged with performing all ministerial duties related to the administration of elections by the state (I.C. § 3–6–4.2–2(a)), and serves as one of the three members of the Indiana State Recount Commission (I.C. § 3–12–10–2.1(a) and (b) and I.C. § 3–12–10–4(a)) makes us less certain that he has no role in this litigation. King and Robertson, as co-directors of the Indiana Election Division, also are charged by statute with several official duties relating to elections, including preparing and distributing ballots for all federal and state offices as well as providing information regarding voter registration procedures and absentee ballot procedures to absent uniformed services voters and overseas voters. I.C. § 3–6–4.2–12(1) and (6).

Thus, at this juncture, we are unable to say definitively that enforcement of SEA 483 will not implicate at least some of the official statutory responsibilities of Defendants Rokita, King, and Robertson. Such a determination requires an in-depth, overarching understanding of the election process and state election laws which this court does not possess at the outset of this litigation. Consequently, we shall hold the motion to dismiss under advisement and stay a final ruling, thus requiring these defendants to remain as parties to defend their interest, if any, as it may present itself.

In view of the fact that the Marion County Election Board is a party defendant and the Indiana Attorney General has intervened in the case to defend the constitutionality of the state statute, we can and shall relieve Defendants Rokita, King and Robertson of the obligation to actively participate in the development of this litigation, unless and until otherwise ordered by the Court. IT IS SO ORDERED.